OPAPO AFUALO, Appellant

v.

PUAILOA TAVETE, Appellee

High Court of American Samoa
Appellate Division

AP No. 16-90

November 1, 1990

Before KRUSE, Chief Justice, FONG*, Acting Associate Justice, KLEINFELD**, Acting Associate Justice, and LOGOAI, Associate Judge.

Counsel: For Appellant, Gata E. Gurr
For Appellee, Charles V. Ala'ilima

Per Curiam:

Appellee Puailoa Tavete moved for a dismissal of the appeal upon the ground that appellant had failed to comply with the requirements of Appellate Court Rule 10(b) --- relating to the timely manner for ordering a transcript of the proceedings on appeal. The Chief Justice, sitting as a single justice of the appellate division, set the

---

&ast; Honorable Harold M. Fong, Senior Judge, United States District Court for the District of Hawaii, serving by designation of the Secretary of the Interior.

&ast;&ast; Honorable Andrew J. Kleinfeld, District Judge, United States District Court for the District of Alaska, serving by designation of the Secretary of the Interior.

motion, as he must under Appellate Court Rule 27(c), for hearing before the full appellate division at its next regular session, commencing October 29, 1990.

Appellant had also filed a motion for an extension of time to comply with the various requirements of Rule 10(b). As a motion for an enlargement of time is one which may be handled by a single justice of the appellate division, *see* Appellate Court Rule 26(b), the Chief Justice considered the motion and, apparently satisfied that there was no significant prejudice to appellee, granted appellant the relief sought.

For reasons given we deny the motion to dismiss and affirm the order granting an extension of time for compliance with Rule 10(b). The rule is not jurisdictional. The resultant delay with the filing of the transcript, because of non-compliance with the rule, is less than 30 days. Even if there had been compliance, the appeal would not have been in any case perfected in time for hearing at this appellate session. In these circumstances there is no real prejudice suffered by the appellee, and in the interest of justice, the motion to dismiss should be denied.

It is so Ordered.